UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| **MICHAEL J. ENNIS,** | ) |
| | ) |
| **Plaintiff** | ) |
| v. | ) CAUSE NO: 3:21-CV-0868 |
| | ) |
| **TYSON FRESH MEATS, INC.** | ) |
| | ) |
| **Defendant** | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**I. Nature of the Case.**

Plaintiff, Michael J. Ennis ("Ennis" and/or "Plaintiff"), brings this action against Tyson Fresh Meats, Inc. ("Defendant") pursuant to the Americans with Disabilities Act, as amended 42 U.S.C. § 12101 *et seq*. ("ADAAA") alleging disability discrimination, interference with protected rights, and retaliation, as well as the Family Medical Leave Act ("FMLA") 29 U.S.C. § 2601 *et seq*. alleging FMLA retaliation and interference.

**II. Parties.**

1.  Ennis, at all times relevant to this action, has worked within the geographical boundaries of the Northern District of Indiana, South Bend Division.

2.  Defendant resides and/or maintains one or more offices in and conducted business within the Northern District of Indiana, South Bend Division, at all relevant times.

**III. Jurisdiction and Venue.**

3.  Defendant is an "employer" as that term is defined by 42 U.S.C. § 12111(5) and 29 U.S.C. § 2611(4).

4.  Ennis was an "employee" as that term is defined by 42 U.S.C. § 12111(4) and 29 U.S.C. § 2611(2).

1

5. At all relevant times, Ennis has had a "disability" under 42 U.S.C. § 12102(1)(A)(B)(C).

6. At all relevant times to this action, Ennis was a "qualified individual" as that term is defined by 42 U.S.C. § 12111(8).

7. At all relevant times to this action, Ennis had a "serious health condition" under 29 U.S.C. § 2611(11).

8. Ennis satisfied his obligation, if any, to exhaust his administrative remedies. Having timely filed a charge with the United States Equal Employment Opportunity Commission ("EEOC") and after receiving his Notice of Suit Rights, which was issued on August 16, 2021, Ennis brings this original action within ninety (90) days of his receipt thereof.

9. Federal question jurisdiction is conferred on this Court by 42 U.S.C. § 12101 *et seq.*, 28 U.S.C. § 1343(a)(4), and 28 U.S.C. § 1331.

10. All facts, events, and transactions giving rise to this lawsuit occurred within the geographic environs of the Northern District of Indiana, South Bend Division. Thus, venue is proper in this Court.

### IV. Factual Allegations

11. Ennis commenced his employment with Defendant on June 4, 2012. Ennis' last position with Defendant was Refrigeration Technician.

12. Throughout his employment, Ennis continuously met the legitimate and reasonable expectations associated with each position he held. Indeed, Ennis' overall performance was routinely equal to or greater than similarly situated employees within his department.

13. Ennis suffers from sleep apnea and diabetes.

14. These disorders substantially limit major bodily functions, including but not limited to, respiratory, endocrine, cardiovascular, neurological and circular functions.

15. These disorders substantially limit major life activities, including but not limited to sleeping, eating, working, breathing, concentrating, thinking, and eating.

16. In November of 2020, Defendant was notified of Ennis' disability/serious health condition and request for medical leave due to his disability. Ennis also provided Defendant with medical documentation regarding his disability and his need for medical leave.

17. However, instead of properly allowing Ennis' absences to be covered under the Family Medical Leave Act and/or as an accommodation under the ADAAA, Defendant on November 27, 2020, attempted to unlawfully discipline Ennis for attendance violations that should have been and were covered under the ADAAA and FMLA.

18. Furthermore, said accommodation of leave was reasonable and did not pose an undue hardship on Defendant.

19. Following Defendant's attempt to unjustly discipline Ennis, Defendant was notified by Ennis that he may need additional medical leave due to his disability and in fact was forced to miss work due to his disability in December of 2020.

20. Ennis again informed Defendant's Human Resources Department as to the nature of his continuing disability(ies). The aforementioned activities, including Ennis' request for an accommodation, are statutorily protected under the ADAAA and the FMLA.

21. On or about December 30, 2020, Defendant informed Ennis that he was under investigation and was sent home.

22. On January 8, 2021, Defendant terminated Ennis.

23. Defendant's stated reason for terminating Ennis was on the grounds that he

violated Defendant's Code of Conduct.

24. Defendant's reasons for terminating Ennis are pretextual. Ennis did not violate Defendant's Code of Conduct.

25. Ennis did not violate any of Defendant's policies, rules, or procedures that would warrant discipline, let alone termination.

26. Here, Defendant was aware that allegations of misconduct made against Ennis were untrue and fabricated by individuals (Shannon Stout and Gary Morehouse) who had repeatedly made comments reflecting bias and hostility towards employees, including Ennis who had disabilities / serious health conditions and/or needed medical leave.

27. Indeed, Ennis had notified Defendant that employees had a known vendetta against him that was related to his disability / serious health condition.

28. Ennis' supervisors and Defendant's Human Resource Department were well aware of not only Ennis' disability, request for an accommodation (medical leave), but also that under Defendant's own policies Ennis had been and was eligible for a medical / FMLA leave.

29. Moreover, the timing of Ennis' termination is inherently suspect as it occurred very shortly after he notified Defendant of his disability, request for an accommodation under the ADAAA, and intent to take leave which should have been protected under the FMLA.

30. Prior to terminating Ennis Defendant was well aware that Mr. Morehouse and Mr. Stout harbored unlawful discriminatory intent and were not truthful with regard to allegations against Ennis. Defendant, despite being aware of their personal bias against Ennis due to his disability and medical leave, allowed both individuals to repeatedly interfere with Ennis' employment in a hostile and harassing manner.

31. Here, after informing Defendant of his disability, Ennis was unlawfully

terminated, at a time when Ennis' should have been on medical leave per his doctor's recommendation.

32. Defendant's unlawful adverse actions against Ennis are due to his disability and/or record of disability, request for accommodations or alternatively Defendant unlawfully regarding and/or perceiving Ennis as having a disability that prevented him from performing the essential job functions of his position.

33. Similarly situated employees who are not disabled, do not have a record of disability, have not requested an accommodation and/or are not regarded as disabled have been treated more favorably by Defendant with regard to their terms and conditions of employment. Such individual include, but are not limited to, Gary Morehouse and Shannon Stout.

34. Ennis was also terminated in retaliation for his protected activity under the ADAAA.

35. Defendant has exposed itself to liability for discrimination, retaliation, interference with protected rights, failure to engage in the interactive process, and failure to make reasonable accommodations under the ADAAA.

36. Defendant has also violated Ennis' rights under the FMLA.

37. Defendant's actions were willful, intentional, and/or done with reckless disregard for Ennis' federal rights. Ennis has been injured by Defendant's actions.

## V. Legal Causes of Action

### COUNT I –ADAAA - Discrimination

38. Plaintiff hereby incorporates paragraphs one (1) through thirty-seven (37) of his Complaint herein.

39. Defendant terminated Ennis' employment based on his disability, record of

disability, and/or its unlawful perception (regarded as) of him being disabled.

40. As a result of said discriminatory actions, Ennis suffered lost wages, lost working hours, and was subjected to humiliation, loss of esteem, and emotional distress.

41. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Ennis' rights as protected by the ADAAA, as amended.

## COUNT II – ADAAA – Retaliation

42. Plaintiff hereby incorporates paragraphs one (1) through forty-one (41) of his Complaint herein.

43. Ennis engaged in protected activity under the ADAAA.

44. Because of his protected activity, Defendant terminated Ennis.

45. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Ennis' ADAAA rights.

## COUNT III – ADAAA - Interference

46. Plaintiff hereby incorporates paragraphs one (1) through forty-five (45) of his Complaint herein.

47. Ennis engaged in statutorily protected activity under the ADAAA, Ennis engaged in the exercise and enjoyment of ADAAA protected rights, Defendant interfered with Ennis on account of his protected activity, and Defendant was motivated by an intent to discriminate.

48. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Ennis' ADAAA rights.

## COUNT IV – FMLA – Retaliation – 29 U.S.C. 2615(a)(2)

49. Plaintiff hereby incorporates paragraphs one (1) through forty-eight (48) of his Complaint herein.

50. Ennis engaged in protected activity under the FMLA.

51. Defendant terminated Ennis because of his protected activity under the FMLA.

52. Defendant's actions were not in good faith and Defendant had no reasonable ground for believing that its treatment of Plaintiff was not in violation of the FMLA.

53. Defendant's actions were intentional, willful, and in reckless disregard of Plaintiff's rights as protected under the anti-retaliation provisions of the FMLA.

### COUNT V. FMLA - Interference – 29 U.S.C. § 2615(a)(1)

54. Plaintiff hereby incorporates paragraphs one (1) through fifty-three (53) of his Complaint herein.

55. Prior to his termination, Plaintiff notified Defendant of his anticipation of taking future FMLA / medical leave.

56. Defendant interfered with Plaintiff's substantive legal rights under the FMLA to use medical leave for his own serious health condition.

57. Defendant's actions were not in good faith and Defendant had no reasonable ground for believing that its treatment of Plaintiff was not in violation of the FMLA.

58. Defendant's denial of Plaintiff's substantive rights under the FMLA caused Plaintiff's termination of employment.

59. Defendant's actions interfered with Plaintiff's rights under the FMLA and were intentional, willful, and in reckless disregard of Plaintiff's rights as protected under the FMLA.

### VI. REQUESTED RELIEF

WHEREFORE, Plaintiff, Michael J. Ennis by counsel, requests that this Court find for him and Order that:

1. Defendant rescind its termination of Plaintiff and reinstate Plaintiff to his

       previous position, or order front pay in lieu thereof;

2.     Defendant pay to Plaintiff all of his lost wages and lost benefits;

3.     Defendant pay to Plaintiff compensatory and emotional pain and suffering damages;

4.     Defendant pay to Plaintiff punitive damages;

5.     Defendant pay to Plaintiff liquidated damages;

6.     Defendant pay Plaintiff any additional lost wages, bonuses, compensation, and monetary loss suffered as a result of Defendant's unlawful actions;

7.     Defendant pay to Plaintiff pre- and post- judgment interest;

8.     Defendant pay Plaintiff's reasonable costs and attorney fees incurred in litigating this matter; and,

9.     Defendant pay to Plaintiff any and all other damages and/or relief deemed appropriate and just by this Court, including equitable and legal relief.

                Respectfully submitted,

                *s/ Ryan C. Fox*
                Ryan C. Fox (21631-49)
                FOX & SINK, LLC
                6177 North College Avenue
                Indianapolis, IN 46220

                rfox@foxsinklaw.com

                Telephone: 317-254-8500

## **DEMAND FOR JURY TRIAL**

The Plaintiff, Michael J. Ennis, by counsel, respectfully requests a jury trial as to all issues deemed triable.

*s/ Ryan C. Fox*
Ryan C. Fox